_____ FILED          _____ ENTERED
_____ LOGGED      _____ RECEIVED

FEB - 5 2009

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMAAL WALKER                               *

v.                                          *

                                            *   CIVIL ACTION NO. RDB-07-2890
UNITED STATES OF AMERICA
                                            *

*       *       *       *       *       *   *   *       *       *       *       *       *

UNITED STATES OF AMERICA                    *

v.                                          *   CRIMINAL ACTION NO. RDB-04-0131

JAMAAL WALKER                               *

## MEMORANDUM OPINION

On October 24, 2007, Jamaal Walker ("Walker"), a federal prison inmate, filed a Motion

to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Paper No. 119.)

Walker challenges his conviction as well as the subsequent sentence he received on April 15,

2005. Walker's challenge is based on three claims: (1) the carjacking conviction must be vacated

because 18 U.S.C. § 2119 violates the Commerce Clause, (2) the Government's prosecution of

Walker was vindictive and malicious; and (3) counsel was ineffective at both the trial and

appellate levels. The government filed an opposition and Walker filed a response to the

government's opposition. No hearing is necessary to decide this matter. *See* Local Rule 105.6

(D. Md. 2008). For the reasons set forth below, this Court will, by separate Order, deny

Walker's motion.

## BACKGROUND

On April 15, 2003, Walker, Jeremiah Poole and Kenyon Cypress stole a white Plymouth

van. The three men drove to Walker's residence where Walker asked Nitisha Poole to call a man with whom she had recently had an intimate relationship, Edward Hawkins. Edward Hawkins agreed to meet Nitisha Poole at an East Baltimore shopping center. Before leaving the home, Walker retrieved a semi-automatic assault rifle. The three men and Nitisha Poole proceeded to drive to the shopping center in the stolen van.

Edward Hawkins arrived at the shopping center in a green Nissan Maxima. Kenyon Cypress jumped out of the van, carrying the rifle, and forced Edward Hawkins into the back seat. Jeremiah Poole got into the front seat and took control of the Maxima. Both vehicles left the shopping center and drove to a secluded location in Baltimore County. Jeremiah Poole forced Edward Hawkins out of his car at gunpoint while Walker and Kenyon Cypress searched the Maxima. Walker, Jeremiah Poole and Nitisha Poole entered the Maxima. Kenyon Cypress ordered Edward Hawkins to the ground and fired one shot into his back. Walker, Jeremiah Poole, Kenyon Cypress and Nitisha Poole drove the Maxima back to Walker's residence where Walker told Kenyon Cypress to dispose of the car.

Kenyon Cypress was arrested a few days later on unrelated drug charges. He had already been identified as a suspect in the shooting of Edward Hawkins because he had parked the Maxima behind his mother's home and his fingerprints were matched to those found on the stolen Plymouth van. During questioning, Kenyon Cypress identified Walker, Jeremiah Poole and Nitisha Poole as the other perpetrators. Nitisha Poole reported herself to the Baltimore City Police and gave a series of statements about the events implicating Walker, Jeremiah Poole and Kenyon Cypress. Walker was arrested on March 5, 2004.

Walker was charged with carjacking, 18 U.S.C. § 2119, using a firearm during and in

relation to a crime of violence, 18 U.S.C. § 924(c), and conspiring to use a firearm in relation to a crime of violence, 18 U.S.C. § 924(o). On November 24, 2004, Walker's first trial resulted in a hung jury and therefore a mistrial. Following a second jury trial, Walker was convicted on all three charges and on April 15, 2005 he was sentenced to a term of imprisonment of 255 months. Walker was sentenced to 135 months on both the carjacking count and the charge of conspiracy to use a firearm in furtherance of a crime of violence. The 135-month sentences were to run concurrently. In addition, Walker was sentenced to 120 months for the use of a firearm during and in relation to a crime of violence to run consecutively with the 135-month sentence. On appeal, the United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentence. *United States v. Jamaal Walker*, 191 Fed. Appx. 205 (4th Cir.), *cert. denied*, 127 S.Ct. 616 (Nov. 13, 2006).

## DISCUSSION

### A.    The Constitutionality of 18 U.S.C. § 2119

Walker claims that this Court lacked subject matter jurisdiction over the carjacking charge because "there is no constitutional grant of authority which would permit a criminal prosecution for matters wholly of state concern." (Pet.'s Mem. 5.) Walker's argument, that 18 U.S.C. § 2119 violates the Commerce Clause, has been rejected by ten Circuit Courts of Appeal, including the Fourth Circuit. In *United States v. Cobb*, 144 F.3d 319 (4th Cir. 1998), the Fourth Circuit, in upholding the constitutionality of 18 U.S.C. § 2119 on a Commerce Clause challenge, stated that the statute contains a jurisdictional element because it only applies to the forcible taking of motor vehicles that have been transported, shipped, or received in interstate or foreign commerce. *Id.* at 321. Furthermore, the Court upheld the constitutionality of 18 U.S.C. § 2119

on the grounds that automobiles are both inherently mobile and indispensable to the interstate

movement of persons and goods and therefore are instrumentalities of interstate commerce that

Congress may regulate. *Id.* at 322; *see also United States v. Taylor*, 226 F.3d 593, 599–600 (7th

Cir. 2000) (citing the decisions of the First, Third, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth and

Eleventh Circuits).

Therefore, Walker's argument, having been rejected by the Fourth Circuit, is without

merit and must be denied.

**B.    Vindictive and Malicious Prosecution**

Walker claims that the Government's prosecution was vindictive and malicious primarily

because 18 U.S.C. § 2119 lacks constitutionality, a legal conclusion that Walker claims the

Government should have clearly known. Since the Fourth Circuit has clearly held that 18 U.S.C.

§ 2119 is in fact constitutional, Walker has no basis for this claim. *See Cobb*, 144 F.3d at 320–

21. Walker also appears to argue that the Government's prosecution was vindictive and

malicious because he was originally arrested by state officials and because evidence was

unlawfully seized. The fact that Walker was arrested by state officials by no means evidences

malicious prosecution by federal prosecutors, and Walker is procedurally barred from raising the

issue of unlawful seizure of evidence. *See Massaro v. United States*, 538 U.S. 500, 504 (2003)

(stating the "general rule that claims not raised on direct appeal may not be raised on collateral

review unless the petitioner shows cause and prejudice"). Therefore, Walker's second argument

is denied.

**C.    Ineffective Assistance of Counsel**

Walker claims that the court-appointed counsel was knowingly and deliberately

4

ineffective in his representation both during pre-trial and trial for several reasons. Walker asserts that his counsel (1) did not raise the issue of double jeopardy, (2) did not raise the unconstitutionality of 18 U.S.C. § 2119 and (3) had a conflict of interest. Walker raises the same issues regarding ineffective counsel at the appellate level; therefore, this Court will address both claims concurrently.

In *Strickland v. Washington*, 466 U.S. 668 (1984) the Supreme Court of the United States established a two-part test for addressing ineffective assistance of counsel claims. *Id.* at 687. The first part of the test requires a showing "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Such a determination must be examined from the counsel's perspective at the time in question and is accompanied by a strong presumption that counsel's conduct was competent. *Id.* at 689-90. Under the second part of the test, the petitioner must show "that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* Thus, the petitioner must demonstrate not only that counsel's deficient conduct had a reasonable probability of affecting the outcome of the proceeding, but that, because of it, the "result of the proceeding was fundamentally unfair or unreliable." *Lockhart* v. *Fretwell*, 506 U.S. 364, 369 (1993).

Walker first asserts that his counsel was ineffective because he did not raise the issue of double jeopardy. Walker's first trial resulted in a mistrial due to a hung jury. The general rule with regard to hung juries is that a retrial does not violate the Double Jeopardy Clause. *Richardson v. United States*, 468 U.S. 317, 324 (1984); *United States v. Goodine*, 400 F.3d 202,

206 (4th Cir. 2005); *United States v. Ndame*, 87 F.3d 114, 115 (4th Cir. 1996) (no double jeopardy violation in third trial following two hung juries). Walker does not indicate anything extraordinary about this case that would move it outside of the general rule. As such, counsel could not have been ineffective for raising a meritless claim.

Walker's second claim is that counsel was ineffective because he did not argue that 18 U.S.C. § 2119 is unconstitutional under the Commerce Clause. Since the Fourth Circuit has upheld the constitutionality of the statute under the Commerce Clause, Walker's assertion is without merit. *See Cobb*, 144 F.3d at 320–21.

Lastly, Walker reasserts yet again his argument that 18 U.S.C. § 2119 is unconstitutional under the Commerce Clause, this time for the purpose of arguing that his counsel—who represented him in both trial and appellate proceedings—had a conflict of interest because he was only "authorized to practice '[f]ederal [l]aw,'" in federal courts. Consequently, Walker argues, his counsel was not licensed to represent him in a case in which only the state had jurisdiction. Because the constitutionality of 18 U.S.C. § 2119 is clear, *see Cobb*, 144 F.3d at 320–21, Walker's argument fails. For the reasons stated, Walker has no basis for his claim of ineffective assistance of counsel.

## CONCLUSION

In conclusion, Walker's claims are without merit and his Motion to Vacate, Set-Aside or Correct Sentence will be DENIED. A separate Order follows.

February 5, 2009

Richard D. Bennett
United States District Judge

6